EGAN v. MOSLER SAFE CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1909.)

Appeal from Trial Term, Westchester County.

Action by John Egan against the Mosler Safe Company. From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

Allan E. Brosmith, for appellant.

Eugene F. McKinley, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

MILLER, J. (dissenting). This is an action for negligence. The plaintiff claims to have been employed by the defendant to assist in moving a safe, and to have been injured in consequence of a negligent direction given by the defendant's superintendent. It appeared that the defendant sold two safes to the town of Greenburgh, Westchester county, and agreed to deliver them to the town clerk's office, on the second floor of a building in Tarrytown; that when the safes arrived at Tarrytown the defendant was notified, and that one Sorensen was sent by it to superintend their delivery. Sorensen hired teams, blocking, and men of a firm in Tarrytown. No question was raised but that the plaintiff, one of the men thus hired, became a servant of Sorensen's employer. Indeed, the action was brought and tried as an action under the employer's liability act. The safes had to be moved up a flight of stairs on planking. The plaintiff and Sorensen attended to the shifting of the rollers and the handling of the safes as they were moved up. When one of them was nearly up, it became necessary to pry it up in order to shift the roller. Sorensen directed the plaintiff to put his hand under the safe and shift the roller, while he (Sorensen) held it up with a lever. While the plaintiff's hand was on the roller under the safe, the safe slipped, or Sorensen let it down, and it caught the plaintiff's fingers, causing the injury complained of. The plaintiff testified:

"I asked him was it safe, and he said, 'Yes; if it was not safe I would not ask you.' I then took hold of the roller. As I took hold of the roller, I moved the roller the way he wanted me to, and just as I got it moved the way he wanted it his hold slipped, and the safe came down on my two fingers."

Sorensen and an officer of the defendant testified that the former was in the employ of the Atlas Trucking Company, which was employed by the defendant as an independent contractor to deliver its safes. There was no evidence to contradict that, except a letter purporting to have been written by the defendant to the town clerk, notifying him of the shipment of the safes, and saying that, when they reached their destination, "we would like to send one of our men to superintend the delivery of same." I shall assume for the purposes of this discussion that that letter was sufficient to present a question of fact on the question of Sorensen's employment by the defendant. The case was sub-

mitted to the jury to find negligence on the part of the defendant in case they found that Sorensen was the defendant's superintendent, that his act in directing the plaintiff to put his hand under the safe to move the roller was an act of superintendence, and that it was negligent.

Sorensen testified that he let the safe down in response to the plaintiff's statement that the roller had been shifted. According to the plaintiff's evidence, Sorensen was negligent in letting it down, or in allowing it to slip, while the plaintiff's hand was under it. If so, that was the negligence of a fellow servant. In holding the safe with the pry, Sorensen was plainly doing a servant's work. While the plaintiff says that he had had no experience in moving safes, the danger was as obvious to him as to Sorensen. It did not require experience to know that, if the safe slipped, his fingers were in danger of being caught, and a finding that Sorensen was negligent in giving the direction would seem to require a finding that the plaintiff was negligent in obeying it. The safety of the operation depended on whether Sorensen held the safe up until the plaintiff's hand was removed, and his assurance that he could and would do that was the assurance of a fellow servant, precisely as his negligence in letting it down was the negligence of a fellow servant.

The plaintiff cites McKinnon v. Riter-Conley Manuf. Co., 186 Mass. 155, 71 N. E. 296; but in that case there was a promise made by the superintendent to the plaintiff to protect him, which could have been kept by directing the men above the plaintiff to cease work. Thus the superintendent's failure to keep his promise was a failure to perform an act of superintendence, and his promise was made as superintendent. But here the injury was caused by a negligent act done in the performance of a detail of the servant's, not superintendent's, work; and the mere fact that the negligent act was done by a servant who was in other respects a superintendent does not affect the case.

The judgment and order should be reversed.

BURR, J., concurs, being also of the opinion that the evidence was insufficient to show that Sorensen was in the defendant's employ.